IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-00278-F

| | |
|---|---|
| WILLIAM C. YORK,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    O R D E R<br>) |
| SOCIAL SECURITY ADMINISTRATION[1],<br>    Defendant. | )<br>)<br>) |

This matter is before the court on Defendant's Motion to Dismiss [DE-3]. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, Defendant's Motion to Dismiss is ALLOWED.

## I. STATEMENT OF THE CASE

On June 24, 2016, Plaintiff filed his *pro se* complaint in Columbus County Small Claims Court, North Carolina, naming the Social Security Administration as defendant and claiming that he was owed $10,000.00. *See* Complaint [DE-1-3]. The Social Security Administration is an agency of the United States; thus, the United States is a party to this action. *See* Notice of Removal [DE-1]. On July 21, 2016, the United States of America, on behalf of its agency, the United States Social Security Administration, filed a Notice of Removal with this court, pursuant to 28 U.S.C. § 1442(a) and 28 U.S.C. § 1444. *Id.*

Defendant filed the instant Motion to Dismiss [DE-3] on July 28, 2016. Plaintiff responded by filing a Summons [DE-8].

---

[1] Plaintiff has named the Social Security Administration as the defendant in his Federal Torts Claim Act case, but the only proper defendant in an action filed pursuant to the Federal Torts Claim Act is the United States because such claims cannot be brought against a federal agency in its own name. *See* 28 U.S.C. § 2679(a), (d)(1).

## II. STATEMENT OF THE FACTS

Plaintiff became entitled to Social Security Disability Insurance Benefits in June 1993, and he currently receives those benefits. Moore Decl. ¶ 4(a). Plaintiff received Supplemental Security Income benefits at various times from 1993 to 2010, and those benefits were last terminated in September 2010, due to excess income. *Id.* ¶ 4(b). Plaintiff reported not receiving benefit checks in February, March, and April 2011, and Defendant issued courtesy disbursements. *Id.* ¶ 4(c).

In July 2011, an overpayment was established due to a duplicate payment of $704. *Id.* ¶ 4(d). Defendant recovered the overpayment in September 2011, through a withholding of benefits. *Id.*

In February 2013, overpayments of $742, due to a prison suspension, and $704, due to a duplicate payment, were established. *Id.* ¶ 4(e). In April 2013, Plaintiff requested a waiver of the February 2013 overpayments. *Id.* Defendant denied Plaintiff's waiver request in June 2013, but scheduled a personal conference to meet with him before making a final decision. *Id.* In July 2013, Defendant waived the $742 prison suspension overpayment and denied waiver of the $704 duplicate payment overpayment. *Id.* As of July 20, 2016, Plaintiff had not appealed the denial of waiver beyond the personal conference level. *Id.*

In March 2014, Defendant received a copy of a February 2014 court order entered by the Scotland County, North Carolina Superior Court, which found that Plaintiff was incompetent and appointed as his guardian of the person the Scotland County Department of Social Services. *Id.*

2

Case 7:16-cv-00278-F   Document 10   Filed 09/01/16   Page 2 of 5

¶ 4(f). Plaintiff's representative payee[2] is Eastern Carolina Payee Service, Inc. *Id.* ¶ 4(g).

On December 7, 2015, Plaintiff visited Defendant's Whiteville, North Carolina field office and filed an application to be his own representative payee. *Id.* ¶ 4(h). Defendant denied the application, and as of July 20, 2016, Plaintiff had not appealed the denial of his application to change his representative payee. *Id.* As of July 18, 2016, neither Plaintiff nor any authorized representative has any pending or recently concluded administrative claims with Defendant. *Id.* ¶¶ 5-6.

### III. DISCUSSION

Defendant seeks dismissal of Plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure because this court lacks subject matter jurisdiction over Plaintiff's claim and lacks personal jurisdiction over Defendant based on both lack of and improper service.

#### A. Standards of Review

##### 1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for "lack of subject matter jurisdiction," which refers to the court's "statutory or constitutional power to adjudicate a case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis omitted). The existence of subject matter jurisdiction is a threshold issue which must be addressed before the court can reach the merits of the case. *Jones v. Am. Postal Workers Union,* 192 F.3d 417, 422

---

[2] A representative payee is a person or organization selected by the Social Security Administration to receive benefits on a beneficiary's behalf because the beneficiary is unable to manage or direct the management of benefits in his interest. *See* 20 C.F.R. §§ 404.2001(a), 416.601(a).

3

(4th Cir. 1999). The plaintiff bears the burden of proving subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quotation omitted).

### 2. *Pro se* pleadings

When a court considers a motion to dismiss involving a *pro se* party, it should construe the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see generally Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (holding that a district court must advise a *pro se* litigant of his right under the summary judgment rule to file opposing affidavits to defeat a defendant's motion for summary judgment). The court's liberal construction does need not extend to outright advocacy for the *pro se* party. *Gordon*, 574 F.2d at 1151. Although pleadings from *a pro se* litigant are viewed with some leniency, they are still bound by the rules of procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ( "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### B. Analysis

**This court lacks subject matter jurisdiction.**

Plaintiff's complaint alleges conversion.[3] *See* Compl. [DE-1-3]. Conversion is a tort

---

[3] Conversion is defined as the wrongful possession of another's property. *See* Black's Law Dictionary (10th ed. 2014).

4

under North Carolina law. *See* 28 U.S.C. § 1346(b)(1) (The waiver of sovereign immunity in 28 U.S.C. § 1346(b)(1) applies only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."); *Lake Mary Ltd. P'ship v. Johnston*, 551 S.E.2d 546, 552 (N.C. Ct. App. 2001) (defining the elements necessary to establish the tort of conversion in North Carolina). Pursuant to the Federal Tort Claims Act ("FTCA"), tort claims against the United States must first be presented to the appropriate federal agency before suit may be initiated in federal court. 28 U.S.C. § 2675(a). The requirement that an administrative claim be filed is jurisdictional; thus, it cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

In this case, Plaintiff has not filed an administrative claim under the FTCA. *See* Dell'Aglio Decl. ¶¶ 4-5 (stating that as of July 19, 2016, no administrative claim had been filed against Defendant by Plaintiff relative to the claims Plaintiff has asserted). Consequently, this court lacks jurisdiction to hear any allegations that may arise under the FTCA. Having determined that Defendant is entitled to dismissal because this court lacks subject matter jurisdiction, it is not necessary for the court to address Defendant's remaining bases for dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DE-3] is ALLOWED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 31 day of August, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

5